No. 25-2153

In The
United States Court of Appeals
For the Third Circuit

THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION,
*Appellee,*

*v.*

ROSS INTELLIGENCE, INC.,
*Appellant.*

On Appeal from the United States District Court
for the District of Delaware
Civil Action No. 20-613
Hon. Stephanos Bibas

**APPELLANT ROSS INTELLIGENCE INC.'S MOTION TO FILE OPENING BRIEF UNDER SEAL**

Pursuant to Fed. R. App. P. 27 and Third Circuit Local Appellate Rule 106.1, Appellant ROSS Intelligence, Inc. (ROSS) hereby respectfully moves to file their unredacted Opening Brief under seal, with a copy of the Opening Brief to be filed on the public docket containing redactions.

In support of this motion, ROSS states the following:

1. On May 13, 2021, Plaintiff-Appellee proposed a Stipulated Protective Order governing the designation and use of documents and other information produced during discovery deemed to be "Confidential," and on May 21, 2021 the district court entered the Order. *Thomson Reuters v. Ross Intelligence*, 1:20-cv-613, ECF 48. Pursuant to this Protective Order, parties produced materials designated as "Confidential" and both parties filed such confidential documents under seal with their summary judgment briefs.

2. ROSS's opening brief quotes materials and information subject to the Protective Order in the course of presenting its arguments on appeal. This will include business and competitive strategies, research development information, and other information that parties have a valid interest in preserving under seal.

3. The Third Circuit follows the presumption that the public has a right of access to judicial materials. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). However, this right is not absolute, and documents may be sealed when "the public's right of access is outweighed by

interests favoring nondisclosure." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). In particular, "'courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing.'" *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1987)).

4. There is good cause to seal the requested portions. The confidentiality interests of the parties [and non-parties] whose information remains under seal in the district court outweigh any public interest in disclosure.

5. The proposed sealing is narrowly tailored and limited only to specific portions of the Opening Brief that contain sensitive information.

6. Lifting the seal, alternatively, would result in the disclosure of confidential and proprietary information regarding research and development programs, strategic plans, and other materials whose disclosure may harm the "competitive standing" of one or more parties [or non-parties].

For the foregoing reasons, ROSS respectfully requests that the appendix is filed under seal.

Respectfully submitted,

*/s/ Mark S. Davies*
Mark S. Davies

| | |
|---|---|
| Yar R. Chaikovsky<br>Andy LeGolvan<br>WHITE & CASE LLP<br>3000 El Camino Real<br>2 Palo Alto Square<br>Suite 900<br>Palo Alto, CA 94306<br>Tel: (213) 620-7755 | Mark S. Davies<br>Anna B. Naydonov<br>Kufere Laing<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>Tel: (202) 626-3600 |
| Kayvan Ghaffari<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>Four Embarcadero Center, 2nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 983-1000 | Anne M. Voigts<br>Ranjini Acharya<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304<br>Tel: (650) 233-4500 |
| Dated: September 22, 2025 | *Attorneys for Appellant ROSS Intelligence, Inc.* |

## CERTICATE OF SERVICE

The undersigned certifies, pursuant to F.R.A.P. 27(d), that service of the foregoing motion was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on September 22, 2025.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

| | |
|---|---|
| Dated: September 22, 2025 | /s/  *Mark S. Davies*<br>Mark S. Davies |