CASE NO. 25-2153

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

THOMSON REUTERS ENTERPRISE CENTRE GMBH and
WEST PUBLISHING CORP.,

*Plaintiffs-Appellees*,

v.

ROSS INTELLIGENCE INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Delaware, No. 1:20-cv-613-SB

**MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEF *AMICUS CURIAE***

Proposed *amici curiae* Abraham Kang, Esq. and Kunal Patel respectfully move this Court for leave to file an over-length brief *amicus curiae* in support of Defendant-Appellant Ross Intelligence Inc. The proposed brief exceeds the 6,500-word limit prescribed by Federal Rule of Appellate Procedure 29(a)(5) and will be approximately 6,849 words in length.

**BACKGROUND**

This case presents novel and technically complex questions at the intersection of artificial intelligence, machine learning technology, and copyright law. The underlying dispute concerns whether the training and operation of AI systems using copyrighted legal materials constitutes copyright infringement. Resolution of this appeal requires a detailed explanation of how AI systems function, including the technical processes of data ingestion, training, model architecture, and output generation.

**GROUNDS FOR RELIEF**

Federal Rule of Appellate Procedure 32(a)(7)(B) authorizes this Court to grant leave to file briefs exceeding the presumptive length limits. Third Circuit courts have recognized that over-length briefs may be appropriate where "the subject matter of the appeal is unusually complex" or where "detailed technical or legal analysis is necessary."

The additional length is necessary here for three compelling reasons:

**First**, the technical operation of artificial intelligence and machine learning systems is inherently complex and unfamiliar to most legal audiences. The brief must explain: (1) how vector embeddings mathematically transform text into non-expressive numerical representations; (2) the distinction between intermediate copying during training and final outputs; (3) why natural language processing models learn semantic relationships rather than memorizing text; (4) how semantic search differs fundamentally from traditional keyword-based legal research; and (5) the functional role of training data in machine learning. These technical foundations are essential to evaluate whether ROSS's use was transformative under *Andy Warhol Foundation v. Goldsmith*, 598 U.S. 508 (2023), and analogous to the reverse engineering approved in *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992). Without adequate space to establish these technical realities, the Court cannot properly assess the district court's legal conclusions.

**Second**, this appeal requires detailed analysis of how multiple strands of copyright doctrine apply to AI technology. The brief must address: (1) the proper analytical framework after *Warhol* for determining when a use serves a "further purpose or different character"; (2) the application of the intermediate copying doctrine from *Sega* and *Sony Computer Entertainment, Inc. v. Connectix Corp.*, 203 F.3d 596 (9th Cir. 2000) to text-based machine learning; (3) the Second Circuit's transformative use analysis in *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015); (4) the Fourth Circuit's functional use doctrine from *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630 (4th Cir. 2009); and (5) the Supreme Court's guidance in *Google LLC v. Oracle America, Inc.*, 593 U.S. 1 (2021) on copying for interoperability purposes. Each of these doctrinal frameworks requires careful explanation and application to the specific facts of AI training, necessitating more than the standard word allocation.

**Third**, the broader implications of this case extend far beyond legal research tools and require thorough examination of: (1) how the district court's analytical framework—focusing on downstream competitive outputs rather than the direct use of copyrighted works—would apply to other AI applications; (2) the distinction between harm to expressive markets versus harm to functional capabilities, as articulated in *Sony* (where copyright protects "games" not "gaming consoles"); (3) the circular reasoning problem in recognizing hypothetical "AI training data" licensing markets that did not exist before the technology emerged; (4) constitutional considerations regarding access to law as a public good; and (5) the impact on innovation if copyright holders can veto any technological use of their works regardless of whether protected expression appears in final outputs. The brief must also address why ROSS's semantic search serves different markets than Westlaw's curated legal research platform, expanding access rather than substituting for existing services. These policy and doctrinal issues require comprehensive analysis that cannot be adequately addressed within the standard word limit.

The additional 349 words are essential to provide this Court with a complete technical and legal foundation for evaluating whether the district court correctly applied fair use doctrine to machine learning technology. The brief addresses novel questions at the intersection of AI and copyright law that will affect innovation across multiple industries. A thorough, technically accurate explanation cannot be achieved within the standard limit without compromising either clarity or legal rigor.

# CONCLUSION

For the foregoing reasons, proposed *amici curiae* respectfully request that this Court grant leave to file an over-length brief *amicus curiae* of 6,849 words.

Dated: September 30, 2025

Respectfully submitted,

/s/ Abraham Kang
ABRAHAM KANG, ESQ.
KUNAL PATEL
15732 Los Gatos Blvd #5002
Los Gatos, CA 95032
650-600-0178
abejkang@gmail.com

*Independent Counsel for Amici Curiae*

---

# CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

/s/ Abraham Kang
ABRAHAM KANG, ESQ.