# United States Court of Appeals
## for the
# Third Circuit

Case No. 25-2153

THOMSON REUTERS ENTERPRISE CENTRE GMBH;
WEST PUBLISHING CORP,

*Plaintiffs-Appellees,*

– v. –

ROSS INTELLIGENCE INC,

*Defendant-Appellant.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**APPELLEES' MOTION TO FILE CONFIDENTIAL PAGE PROOF BRIEF UNDER SEAL**

MIRANDA D. MEANS
KIRKLAND & ELLIS
200 Clarendon Street
Boston, Massachusetts 02116
(617) 385-7419
miranda.means@kirkland.com

DALE M. CENDALI
JOSHUA L. SIMMONS
KIRKLAND & ELLIS
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
dale.cendali@kirkland.com

*Attorneys for Plaintiffs-Appellees*

Pursuant to Fed. R. App. P. 27 and Third Circuit Local Appellate Rule 106.1, Appellees Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (together, "TR") here by respectfully move to file their unredacted Confidential Page Proof Brief ("Brief") under seal, with a copy of the Brief to be filed on the public docket containing redactions. In support thereof, TR states the following:

1. The Parties agreed to, and the district court entered, a Stipulated Protective Order in 2021. *Thomson Reuters v. Ross Intelligence*, 1:20-cv-613, D.I. 48.

2. The Stipulated Protective Order governs the designation and use of documents and information produced during discovery to be "Confidential" and "Highly Confidential - Attorney Eyes Only." It further states that the documents designated as "Confidential" and "Highly Confidential - Attorney Eyes Only" shall not be disclosed to the public without written permission from the Designating Party or a court order. *Id*.

3. Pursuant to the Stipulated Protective Order, the parties produced materials designated as "Confidential" and "Highly Confidential," and both parties filed such confidential

documents under seal pursuant to the terms of the Stipulated Protective Order with their summary judgment briefs. TR's Brief quotes materials and information subject to the Protective Order, including information that ROSS designated under the Protective Order.

4. In the Third Circuit, the common law right to public access of judicial documents "is not absolute.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). A party seeking to protect its confidential information from disclosure need only show "that the interest in secrecy outweighs the presumption [of public access]." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). To do so, the party must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted).

5. Under Third Circuit law, "[d]ocuments containing . . . confidential business information may be protected from

disclosure." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). "The subject matter of confidential business information is broad, including a wide variety of business information." *Miles v. Boeing Co.*, 154 F.R.D. 112, 114-15 (E.D. Pa. 1994). For example, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6. Here, TR's Brief quotes confidential business information, financial information, product development information, and other information that the Parties have a valid interest in preserving under seal.

7. In addition, there is good cause to seal the requested portions. The confidentiality interests of the parties and non-parties whose information remains under seal in the district court outweigh any public interest in disclosure. The proposed sealing is narrowly tailored and limited only to specific portions of the Brief that contain sensitive information. Conversely,

removing the seal, would lead to the in the disclosure of confidential and proprietary information related to research and development, financial information, and other materials whose disclosure may harm the "competitive standing" of one or more parties or non-parties.

8. For the foregoing reasons, TR respectfully requests that the Brief is filed under seal.

Dated: November 19, 2025                    Respectfully submitted,

/s/ Dale M. Cendali
Dale M. Cendali
Joshua L. Simmons
Kirkland & Ellis LLP
601 Lexington Ave.
New York, NY 10022
Tel: (212) 44604846

Miranda D. Means
Kirkland & Ellis LLP
200 Clarendon Street
Boston, MA 02116
Tel: (617) 385-7500

*Attorneys for Plaintiffs-Appellees Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies, pursuant to F.R.A.P. 27(d), that service of the foregoing motion was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on November 19, 2025.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: November 19, 2025        */s/ Dale M. Cendali*
                                Dale M. Cendali