# KIRKLAND & ELLIS LLP

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

March 26, 2026

**VIA ECF**

Ms. Patricia S. Dodszuweit
Office of the Clerk
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

Re:  *Thomson Reuters Enter. Ctr. GmbH v. ROSS Intelligence, Inc.*, No. 25-2153 (3d Cir.)

Dear Ms. Dodszuweit:

We represent the appellees in the above-referenced litigation and write in response to ROSS's Rule 28(j) letter.  Dkt. 179.  ROSS cites a complaint and petition for review—*Anthropic PBC v. U.S. Dep't of War*, No. 26-1049 (D.C. Cir.) and *Anthropic PBC v. U.S. Dep't of War*, No. 3:26-cv-01996 (N.D. Cal.)—to argue that all "fair use in AI training is paramount to our Nation's security."  ROSS, however, does not provide national security services.  Instead, as the district court explained, ROSS is a legal research platform and, whatever benefits that platform provided to the public, could have been achieved without copying Thomson Reuters' content.

Given the fact-specific nature of the fair use inquiry and the facts of this case, ROSS's attempt to paint its service as critical to national security is a red herring for multiple reasons.  ***First***, the "authority" to which ROSS cites are merely pleadings, not judicial opinions or established facts.  They tell this Court nothing about how to interpret the law.  ***Second***, Anthropic's claims do not involve copyright law.  Instead, they assert that the U.S. government retaliated against Anthropic because of its belief that its AI models could not be used safely or reliably for autonomous lethal warfare and mass surveillance.  Anthropic claims that its designation as a supply-chain risk to national security unlawfully punishes the company for protected speech.  Those issues are not at play here.  ***Third***, unlike ROSS's legal research platform, Anthropic's models were designed and trained "specifically for the national security context" to aid with the "government's unique needs" for tasks such as "analyz[ing] lawfully collected foreign intelligence information."  Complaint at 70-71 (3:26-cv-01996), D.I. 1.  ***Fourth***, the fair use question presented to this Court is whether ROSS's copying of Westlaw content to compete with and replace Westlaw is a fair use.  Anthropic's complaints do not raise, much less answer, that question.  As the district court found, this case is not a referendum on all

## KIRKLAND & ELLIS LLP

Ms. Patricia S. Dodszuweit
March 26, 2026
Page 2


AI.  Certainly, there may be a case where a company creates an AI for national security purposes and claims that it is a fair use.  This is not that case.


Respectfully,

*/s/ Dale M. Cendali*

Dale M. Cendali


cc:  All Counsel of Record