# KIRKLAND & ELLIS LLP

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

April 16, 2026

Patricia S. Dodszuweit
Office of the Clerk
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

Re:    *Thomson Reuters Enter. Ctr. GmbH v. ROSS Intelligence, Inc.*, No. 25-2153 (3d Cir.)—Response to ROSS's Fed. R. App. P.28(j) Letter

Dear Ms. Dodszuweit:

On behalf of Appellees, we write in response to ROSS's 28(j) letter, Dkt.182, which argues that *ASTM Int'l v. UpCodes, Inc.*, No. 24-2965 ("Op.") supports ROSS. This case instead supports Appellees.

***First***, on transformative use, ROSS's argument fatally ignores a key fact: UpCodes copied otherwise unavailable standards incorporated by reference ***into the law***. Indeed, the Court emphasized that UpCodes copied only those standards incorporated into the law, even outdated versions. Op.13-14. The *Thomson Reuters* case is not about access to otherwise unavailable law. There is no dispute that "legal opinions are freely available[.]" A56. Rather, this case concerns editorial ***analysis***, including headnotes, which the Supreme Court has long found distinct from the law itself and protectable. *Callaghan v. Myers*, 128 U.S. 617, 626 (1888). Moreover, ROSS copied analysis from Westlaw to create a legal-research platform that would substitute for Westlaw. That is not transformative.

***Second***, on commerciality, *ASTM* found for-profit status "relevant" but diminished by UpCodes' freemium model, which made it unclear how much commercial benefit was attributable to the copying. Op.20. ROSS is a fully profit-making entity, weighing against fair use. Dkt.173.at.58.

***Third***, on nature of the work, ROSS suggests that *ASTM* held headnotes are at the "periphery of copyright's core protection." Op.23. *ASTM* did not. And the court's rationale for finding that technical standards incorporated by reference into the law are not close to the core copyright does not apply here. Headnotes are not the law, and the Supreme Court repeatedly has held that they are protectable. Dkt.173.at.26.

## KIRKLAND & ELLIS LLP

Patricia S. Dodszuweit
April 16, 2026
Page 2


     ***Finally***, on effect on the market, *ASTM* found this factor was unclear based on the evidence available on a preliminary injunction, but acknowledged the numerous ways to prove harm, Op.26, specifically focusing on **substitution**.  The record here is replete with substitution evidence.  ROSS's stated, advertised purpose was to substitute for Westlaw.  Dkt.173.at.42-43.  And Appellees have identified additional harms unaddressed by *ASTM*.  Dkt.173.at.46-54.  Moreover, *ASTM* holds that "potential public benefits" must account for "potential public harm."  Op.31-32.  This is consistent with the harms identified in Appellees' brief, which loom large here but were unaddressed in either of ROSS's briefs.  Dkt.173.at.55.


     Sincerely,

Dale M. Cendali, P.C.