UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2153

Thomson Reuters Enterprise Centre GmbH, et al

v.

Ross Intelligence Inc
                                                    Appellant

(D. Del. No. 1:20-cv-00613)

Present:  RESTREPO, MONTGOMERY-REEVES and BOVE, *Circuit Judges*

1.    Motion by Appellant to File Volumes 7-18 of Corrected Joint Appendix Under Seal.

2.    Motion by Appellant to File Final Briefs Under Seal.

3.    Motion by Appellee to File Confidential Final Brief Under Seal.

                                                    Respectfully,
                                                    Clerk/MCW

_____ORDER_____

Appellant's Motion to Seal the Opening Brief (ECF No. 26); Appellees' Motion to Seal Confidential Page Proof Brief (ECF No. 87); Appellant's Motion to Seal Reply Brief (ECF No. 147); Appellant's Motion to Seal Final Opening and Reply Briefs (ECF No. 160); and Appellees' Motion to file Confidential Final Brief under Seal (ECF No. 172) are GRANTED.

Appellant's Motion to Seal Appendix Volumes 7-18 (ECF No. 155) is DENIED as presented.  Appellant contends that volumes 7 through 18 of the Joint Appendix include "business and competitive strategies, research development information, and other information that parties have a valid interest in preserving under seal," which, if made public, "may harm the 'competitive standing' of one or more parties."  ECF No. 155 at 2–3.  Although a court may seal records "where they are sources of business information that might harm a litigant's competitive standing," *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (quotation marks omitted), it should do so only when the party asking to seal can show that "disclosure will work a clearly defined and serious injury," *In re Avandia Mkting., Sales Pracs., and Prod. Liab.*

*Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (quotation marks omitted).   Appellant has not met that burden here.  They have made only "[b]lanket assertions of harm that 'could' come to fruition," which "fall short of the clearly defined and serious injury" required to obtain sealing.  *Id.* at 678; *see also* 3d Cir. L.A.R. 106.1(a) (a party filing a motion to seal must set forth "with particularity the reasons why sealing is deemed necessary" for each document or set of documents at issue).   Thus, the motion is DENIED without prejudice to renew upon compliance with Rule 106.1(a).  To the extent the parties elect to seek the sealing of portions, rather than the entirety, of Appendix Volumes 7 through 18, the renewed motion shall be accompanied by a proposed redacted version of those Volumes for the Court's consideration.  To the extent the parties believe documents or groups of documents within the appendices should be sealed in their entirety, their renewed motion shall set forth with particularity the reasons for that sealing.

By the Court,
s/ L. Felipe Restrepo
Circuit Judge

Dated: April 20, 2026
Sb/cc: All Counsel of Record