No. 25-2153

IN THE

# United States Court of Appeals
# For the Third Circuit

THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION,
*Appellee,*

*v.*

ROSS INTELLIGENCE, INC.,
*Appellant.*

On Appeal from the United States District Court
for the District of Delaware
Civil Action No. 20-613
Hon. Stephanos Bibas

## APPELLANT ROSS INTELLIGENCE INC.'S RENEWED MOTION TO FILE VOLUMES 7-18 OF CORRECTED JOINT APPENDIX UNDER SEAL

Pursuant to Fed. R. App. P. 27, Third Circuit Local Appellate Rule 106.1, and this Court's Order on April 20, 2026 (ECF 189), Appellant ROSS Intelligence, Inc. (ROSS) hereby respectfully moves to renew its Motion to File the Corrected Joint Appendix Volumes 7-18 Under Seal (ECF 155) ("Motion").

In support of this motion, ROSS states the following:

1.    On May 13, 2021, Plaintiff-Appellee proposed a Stipulated Protective Order governing the designation and use of documents and other information produced during discovery deemed to be "confidential, proprietary, trade secret, and/or commercially sensitive information," and on May 21, 2021 the district court entered the Order. *Thomson Reuters v. Ross Intelligence*, 1:20-cv-613, D.E. 48. Pursuant to this Protective Order, parties produced materials designated as "Confidential" and both parties filed such confidential documents under seal with their summary judgment briefs. The district court maintained the protective order throughout litigation and the parties structured their disclosures in reliance on it.

2.    On April 20, 2026, the Court denied ROSS's motion to seal Appendix Volumes 7-18, ECF 155, with instructions to "renew" the motion "upon compliance with Rule 106.1(a)," ECF 189. Consistent with the Court's instructions, ROSS provides "the basis for sealing" below and requests this sealing order to run concurrently with the district court's protective order due to the interlocutory nature of this appeal. L.A.R.

106.1(a). ROSS will notify this Court of any changes to the district court's protective order.

3. The documents and groups of documents contained in Volumes 7-18 fall into two categories: (1) documents for which redacted versions are already publicly available in the unsealed appendix volumes and (2) documents that should remain sealed in their entirety because they contain information that cannot be adequately protected through redaction and contain "sources of business information that might harm a litigant's competitive standing." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993). The sealed documents do not involve matters of public concern as there is "no impact on the safety and health of the public." *LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222-23 (3d Cir. 2011).

4. For those documents in the first category, Volumes 1-6 ensure public access to the non-sensitive portions.

5. For those documents in the second category, ROSS states as follows:

6. **Volume 7** should remain sealed in its entirety for the following reasons:

- A redacted version of "Letter from Michael J. Flynn to the Honorable Judge Bibas" is included in Volume 2. The sealed letter references confidential business documents that are designated as Attorneys' Eyes Only.

  - Exhibit A to "Letter from Michael J. Flynn to the Honorable Stephanos Bibas" is sealed in the district court as a highly confidential document. This document is available in redacted form in Volume 2.
  - Exhibit B, ROSS's Response to Plaintiff's First Set of Requests for Admissions include statements regarding ROSS's technology, product development strategies, and business and litigation decisions. The public disclosure of this information would provide competitors with confidential insights into ROSS's business and technological model.
  - Exhibits C and E are privileged counsel correspondences.
  - Exhibit D, Deposition Transcript of Charles von Simon, designated Highly Confidential, include discussions of ROSS's business strategies. The public release of which would provide competitors with ROSS's business decisions.

- Defendant and Counterclaimant ROSS Intelligence's Second Amended Partial Answer and Defenses and Amended Counterclaims are included in their entirety in Volume 2.

- Exhibits to Means Declaration in support of Motion for Partial Summary Judgment:

  - Exhibit 6, Deposition of Barbara Frederiksen-Cross, includes testimony that relates to the contents of ROSS's memos that trained its artificial intelligence model. Releasing this information could provide competitors with insights into ROSS's technology.
  - Exhibit 20, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion, includes questions that appear in ROSS's training memos.

4

Releasing this information will provide competitors insights into ROSS's technology. This document is included in redacted form in Volume 4.

- The rest of Volume 7 included in in Volume 2, including Complaint and Appendix A, Defendant and Counterclaimant ROSS Intelligence's Amended Partial Answer and Defenses and Amended Counterclaims

7. **Volume 8** only includes Exhibit 20, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion, and thus should remain sealed in its entirety as discussed above.

8. **Volume 9** should remain sealed in its entirety for the following reasons:

- See above for Exhibit 20, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion.

- Declaration of Laurie Oliver in Support of Plaintiffs' Motions for Partial Summary Judgment is included in Volume 4.

- Plaintiff's Notice of Lodging is included in Volume 2.

- Exhibits to Samuels's Declaration in Support of Thomson Reuters's Motions for Partial Summary Judgment:

  o Exhibit 3, Deposition Transcript of Kai Bond, includes discussion of ROSS's business model, funding strategy, and funding efforts, the disclosure of which could cause competitive harm. This deposition is redacted in full in Volume 5 as it has been designated as Attorneys' Eyes Only in the district court.
  o Exhibit 8, Deposition of Julian D'Angelo, includes discussion of ROSS's technology and business model. The disclosure of this document could cause competitive

harm. A fully redacted version of this document is included in Volume 5 as it is designated Outside Counsel Only in the district court.

o Exhibits 25 and 26, Depositions of Tomas Van Der Heijden, include discussion on ROSS's technology and the process of creating its training memos. Public dissemination of these documents could inform ROSS's competitors, so they are designated "Highly Confidential" and redacted in full in Volume 5.

o Exhibit 43, Scope of Coverage, is included in its unredacted form in Volume 5.

o Exhibit 44, Defendant and Counterclaimant ROSS Intelligence Inc.'s Response and Objection Plaintiffs' Fifth Set of Interrogatories, is sealed because the questions and responses reference documents that relate to ROSS's technology, business model, funding strategy, and product development. The public disclosure of this information would provide competitors with confidential insights into ROSS's business and technological model. A fully redacted version of this document is included in Volume 4.

o Exhibits 50, 51, 53-55, 58, 62, 63, 74, and 78 are sealed and designated Attorney Eyes Only because they include ROSS's confidential business and market analysis, including its pricing model compared to competitors, and confidential feedback from consumers. These documents would provide competitors with ROSS's confidential business documents, status, clients, and strategy.

9. **Volume 10** should remain sealed in its entirety for the following reasons:

- Exhibits to Samels Declaration in support of Thomson Reuters' Motions for Partial Summary Judgment:

- o Exhibits 83-90 are sealed and designated Attorneys' Eyes Only because they include ROSS's confidential business and market analysis, including its pricing model compared to competitors, business presentations, information that informed those presentations, and confidential feedback from consumers.
  - o Exhibits 91-92 and 100-104 are sealed because they include Thomson Reuters's confidential and internal business documents, strategy, sales documents, sales strategy, pricing decisions, and financial records. These documents are designated Attorneys' Eyes Only.
  - o Exhibit 93 is reproduced in Volume 5.

- Memorandum Opinions dated September 25, 2024 and September 27, 2024; Plaintiffs' Brief in Support of Their Renewed Motion for Partial Summary Judgment on Fair Use; and Order dated September 27, 2024 are reproduced in Volume 5.

- Exhibits to Means Declaration in support of Thomson Reuters' Motions for Partial Summary Judgment:

  - o Exhibits 1-20 are depositions that include discussions of ROSS's business model, technology, and the development of its product. The public release of which would provide competitors with ROSS's economic standing and technology.
  - o Exhibit 21, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion, includes questions that appear in ROSS's training memos. Releasing this information will provide competitors with insights into ROSS's technology.

10. **Volume 11** only includes Exhibit 21, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion, and thus should remain sealed in its entirety as discussed above.

11. **Volume 12** should remain sealed in its entirety for the following reasons:

- Exhibits to Means Declaration in support of Thomson Reuters' Motions for Partial Summary Judgment (continued):

  o See above for Exhibit 21, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion.
  o Exhibits 22, 24, 25, 28, and 29 are expert reports that discuss ROSS's technology in detail. These reports are Attorneys' Eyes Only. These reports would provide competitors with significant insights into ROSS's technological model and advancements.
  o Exhibit 31 includes responses to Thomson Reuters's interrogatories where ROSS provides insights into its technological development and personnel decisions. These are confidential answers that would provide competitors with insights into ROSS's model and business practices.

12. **Volume 13** should remain sealed in its entirety for the following reasons:

- Exhibits to Means Declaration in support of Thomson Reuters's Motions for Partial Summary Judgment (continued):

  o See above for Exhibit 31, ROSS's response to Thomson Reuters's interrogatories.
  o Exhibits 33-35 are lodged with the Court and under seal pursuant to the district court's order. These audio and excel documents would provide competitors with insights into the parties' business practices and technology.

- o Exhibit 36, Best Practices Guide for ROSS Intelligence includes highly sensitive proprietary, confidential, and trade secret information.
- o Exhibit 37 is a confidential business agreement that discusses ROSS's legal memos and their cost. Public disclosure of this document would provide competitors with insights into ROSS's model and business practices. These documents must be sealed in their entirety.
- o Exhibit 38 is a confidential discussion between ROSS and a vendor that explains the legal memos that were used for ROSS's training. Public disclosure of this document would provide competitors with insights into ROSS's model and business practices.
- o Exhibit 39 is a confidential product development document.
- o Exhibits 40, 73, and 78 are reproduced in Volume 5.
- o Exhibit 44 includes confidential correspondence between ROSS and a vendor concerning the production of the legal memos. Disclosure of this document would provide competitors with sensitive business information and insights into ROSS's technology.
- o Exhibits 46-47, 50-52, 55-58, 61, 63-64, 70-71, 74, 76, 83, 85, 86, 90 are confidential business documents that recount ROSS's business strategy, pitches, technological development, financing, and costs. Disclosure of this document would provide competitors with sensitive business information and insights into ROSS's technology.
- o Exhibits 79 and 91 are confidential business documents marked Attorneys' Eyes Only. Providing public access to this document would provide insights into Thomson Reuters's confidential product development.

13. **Volume 14** should remain sealed in its entirety for the following reasons:

- Exhibits to Means Declaration in support of Thomson Reuters' Motions for Partial Summary Judgment (continued):

  - See above for Exhibit 91.
  - Exhibit 92 is a confidential document marked Attorneys' Eyes Only as it explains natural language technology and includes code.
  - Exhibit 93 is a confidential document marked Attorneys' Eyes Only as it provides insight into Thomson Reuters's pricing and business model.
  - Exhibit 96-98 are included unredacted in Appendix Volume 6.
  - Exhibits 99 and 103, are highly confidential expert reports that discuss ROSS's technology and AI model in that, if published, would provide competitors with insights into ROSS's technology.

- Declaration of Laurie Oliver is provided unsealed in Volume 4.

- Declaration of Jimoh Ovbiagele in Support of ROSS's Motion for Summary Judgment on Its Affirmative Defense of Fair Use is provided unsealed in Volume 6.

- Exhibits to Cox Declaration in support of ROSS's Motion for Summary Judgment on Its Affirmative Defense of Fair Use:

  - Exhibit A is reproduced in Volume 6.
  - Exhibits B and C are designated Attorneys' Eyes Only and are sealed in its entirety because they discuss ROSS's technology and economic value.

- Declaration of Jimoh Ovbiagele in Support of ROSS's Motion for Summary Judgment on Plaintiffs' Claims of Copyright Infringement is provided unsealed in Volume 6.

- Exhibit B of the Leiter Declaration is provided unsealed in Appendix Volumes 4 and 6.

- Exhibit B of the Marks Declaration is a highly confidential expert report that discusses ROSS's technology and would provide competitors with insights into ROSS's technological and business development if published.

- Exhibits to Canter Declaration in support of ROSS's Motion for Summary Judgment on Its Affirmative Defense of Fair Use:

  o Exhibit 2, Jimoh Ovbiagele's deposition, includes discussion of ROSS's technological development, trade secrets, and artificial intelligence model.
  o Exhibit 8, Westlaw Slide Decks, is a confidential business presentation designated as Attorneys' Eyes Only because it references confidential business material.
  o Exhibit 16 includes questions that appear in ROSS's training memos. Releasing this information will provide competitors with insights into ROSS's technology.

14. **Volume 15** only includes Exhibit 16 to Canter Declaration and thus should remain sealed in its entirety as discussed above.

15. **Volume 16** should remain sealed in its entirety for the following reasons:

- Exhibits to Canter Declaration in support of ROSS's Motion for Summary Judgment on Its Affirmative Defense of Fair Use (continued):

  o See above for Exhibit 16 to J. Canter Declaration.
  o Exhibit 47 is a confidential business presentation designated as Attorneys' Eyes Only because it references confidential business material and market research.
  o Exhibit 48 is reproduced unsealed in Volume 6.

- Exhibits to Parker Declaration in support of ROSS's Motion for Summary Judgment as to Plaintiffs' Copyright Claims:

  o Exhibit 13 includes discussion of Thomson Reuters's product development and is designated as Attorneys' Eyes Only.
  o Exhibit 15, Summarization Manual, is Thomson Reuters's confidential business material designated as Attorneys' Eyes Only.
  o Exhibit 26 includes confidential testimony about the development of ROSS's legal memos.
  o Exhibit 30 includes confidential testimony about ROSS's business model, financial standing, and technological development.

- Exhibit 30 of Canter Declaration includes responses that discusses Thomson Reuters's confidential business information.

- A redacted copy of ROSS's brief in response to Plaintiff's Motion for Summary Judgment is reproduced in Volume 6.

- A redacted copy of Plaintiffs' Opposition to ROSS's Motion for Summary Judgment is reproduced in Volume 6.

16. **Volume 17** should remain sealed in its entirety for the following reasons:

- Exhibits to Means Declaration in support of Plaintiffs' Opposition to ROSS's Renewed Motion for Summary Judgment on Its Affirmative Defense of Fair Use:

  o Exhibit 107 is marked Attorneys' Eyes Only due to the deposition's discussion of confidential business information relating to the Westlaw platform.
  o Exhibit 109 is marked Attorneys' Eyes Only because it discusses confidential business information relating to the Westlaw platform and algorithm.

- o Exhibit 110 is marked Attorneys' Eyes Only because it discusses confidential business information relating to ROSS's technology and platform.
  - o Exhibit 111 is marked Attorneys' Eyes Only because it discusses confidential business information relating to the Westlaw platform.
  - o Exhibit 113 is marked Attorneys' Eyes Only because it discusses ROSS's confidential business information and technology.
  - o Exhibit 135 is reproduced in Volume 6.

- Exhibit 139 of Means Declaration in support of Plaintiffs' Reply Brief of their Renewed Motion for Partial Summary Judgment on Fair Use, Deposition of Erik Lindberg, discusses confidential business information.

- Appendix A to Memorandum Opinion includes questions that appear in ROSS's training memos. Releasing this information will provide competitors with insights into ROSS's technology.

17. **Volume 18** only includes Appendix A to Memorandum Opinion and thus should remain sealed in its entirety as discussed above.

18. Accordingly, ROSS has already ensured public access to the non-sensitive portions of Volumes 7-18, and has shown good cause to seal the remaining portions. Lifting the seal, alternatively, would result in the disclosure of confidential and proprietary information regarding research and development programs, strategic plans, and other materials whose disclosure may harm the competitive standing of one or more

parties [or non-parties]. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993).

For the foregoing reasons, ROSS respectfully requests that the Corrected Joint Appendix Volumes 7-18 is filed under seal.

Respectfully submitted,

*/s/ Mark S. Davies*
Mark S. Davies

| | |
|---|---|
| Yar R. Chaikovsky | Mark S. Davies |
| Andy LeGolvan | Anna B. Naydonov |
| WHITE & CASE LLP | Kufere Laing |
| 3000 El Camino Real | WHITE & CASE LLP |
| 2 Palo Alto Square | 701 Thirteenth Street, NW |
| Suite 900 | Washington, DC 20005 |
| Palo Alto, CA 94306 | Tel: (202) 626-3600 |
| Tel: (213) 620-7755 | |
| | |
| Kayvan Ghaffari | Anne M. Voigts |
| PILLSBURY WINTHROP SHAW | Ranjini Acharya |
| PITTMAN LLP | PILLSBURY WINTHROP SHAW |
| Four Embarcadero Center, 2nd | PITTMAN LLP |
| Floor | 2550 Hanover Street |
| San Francisco, CA 94111 | Palo Alto, CA 94304 |
| Tel: (415) 983-1000 | Tel: (650) 233-4500 |
| | |
| Dated:  April 21, 2026 | *Attorneys for Appellant* |
| | *ROSS Intelligence, Inc.* |

# CERTIFICATE OF SERVICE

The undersigned certifies, pursuant to F.R.A.P. 27(d), that service of the foregoing renewed motion to seal was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on April 21, 2026.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 21, 2026                    /s/   *Mark S. Davies*
                                         Mark S. Davies