No. 25-2153

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

THOMSON REUTERS ENTERPRISE CENTRE GMBH AND WEST PUBLISHING CORPORATION,

*Plaintiffs-Appellees*

v.

ROSS INTELLIGENCE INC.,
*Defendant-Appellant.*

On Appeal from the United States District Court for the District of Delaware

# APPELLEE'S MOTION TO FILE JOINT APPENDIX VOLUMES 7-18 UNDER SEAL

Pursuant to Fed. R. App. P. 27 and Third Circuit Local Appellate Rule 106.1, Appellees Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation (together, "TR") hereby respectfully move to file Joint Appendix volumes 7-18 under seal. On April 21, 2026, Appellant ROSS Intelligence, Inc. ("ROSS") filed its own renewed motion to seal Joint Appendix volumes 7-18. TR submits this Motion to provide additional information and support as to why these volumes should remain under seal.

In support of its Motion, TR states the following:

1. **Volume 7** of the Joint Appendix contains documents that, if made public, would cause serious competitive harm to TR. In addition to the information that ROSS provided in support of its renewed motion to seal, TR provides the following additional information as to specific documents:

   a. **A3369-A4333** of the Joint Appendix is Exhibit 20 to the Means Declaration in support of Motion for Partial Summary Judgment, Comparison of ROSS Bulk Memo Questions to Headnote and Headnote to Case Opinion, which should be sealed in its entirety. Several versions of

1

this chart with slight variations appear throughout the Joint Appendix, and contain competitively sensitive information, including because they include thousands of West Headnotes that are not made available in this bulk format and are only available to paying subscribers. This information continues to be nonpublic today. Release of this information would give competitors access to this content.

2. **Volume 8** of the Joint Appendix contains a continuation of **A3369-A4333**, discussed above.

3. **Volume 9** contains a continuation of **A3369-A4333**, discussed above.

4. **Volume 10** of the Joint Appendix contains documents that, if made public, would cause serious competitive harm to TR. In addition to the information that ROSS provided in support of its renewed motion to seal, TR provides the following additional information as to specific documents:

   a. **A4597-A4619** is a TR presentation on artificial intelligence and the role of West Headnotes in TR's development of its

AI that was produced from TR's internal files and continues to be nonpublic today. The presentation includes highly confidential information on how TR has, and continues to train its AI algorithms, which would provide a competitor with a commercial advantage if made public.

b. **A4620-A4679** is a TR "Legal Business Unit Report" that walks through TR's confidential brand strategy and business objectives. The report also contains highly confidential surveys, customer demographic information, recommendations on brand protection, and other sensitive commercial information that continue to be nonpublic today and would provide a competitor with a commercial advantage if made public.

c. **A4680-A4683** is a pitch document that discusses the benefits of Westlaw and other TR products compared with competitors, which continues to be nonpublic today and would provide a competitor with a commercial advantage if made public.

d. **A4695-A4737** are highly confidential proposals prepared for specific Westlaw customers. The documents include confidential pricing information, commercial terms, and details about Dentons' existing agreement with Westlaw that continue to be nonpublic today and, if made public, would provide a competitor with a commercial advantage.

e. **A4790-A4806 and A4911-A4917** are, respectively, excerpts from the depositions of Khalid Al-Kofahi, former Vice President of Research and Development at TR and Isabel Moulinier, VP of Applied Research for AI at TR. Both depositions go into detail on how Westlaw trains its AI algorithms which continues to be nonpublic today and would provide a competitor with a commercial advantage if made public.

f. **A5010-A5974** is the same chart as **A3369-A4333**, which contains competitively sensitive information, including thousands of West Headnotes that are not made available in this bulk format and are only available to paying subscribers. This information continues to be nonpublic

today.  Release of this information would give competitors access to this content.

5. **Volume 11** of the Joint Appendix is entirely comprised of a continuation of **A5010-A5974**, discussed above.

6. **Volume 12** of the Joint Appendix contains documents that, if made public, would cause serious competitive harm to TR.  In addition to the information that ROSS provided, TR provides the following additional information as to specific documents:

   a. **A5010-A5974** is a continuation of the document discussed above.

   b. **A6067-A6161** is the expert report of TR's technical expert, Jonathan Krein.  The report discusses TR technology and products at length, including how TR trained its legal research algorithms, quoting extensively from highly confidential testimony of TR witnesses describing TR's models and search functionality.  This material continues to be nonpublic today and would provide a competitor with a commercial advantage if made public.

    c. **A6162-A6257** are the opening expert report and rebuttal report of TR's damages expert, James Malackowski. The report contains highly confidential pricing and payment information, an analysis of the market for the content and lost revenues from the infringement, as well as details about TR's AI training process. This material continues to be nonpublic today and would provide a competitor with a commercial advantage if made public.

7. **Volumes 13 and 14** of the Joint Appendix contain documents that, if made public, would cause serious competitive harm to TR. In addition to the information that ROSS provided, TR provides the following additional information as to specific documents:

    a. **A6501–A6775** is an internal, confidential training manual which TR uses to teach its attorney-editors how to write its proprietary headnotes. The manual contains a variety of guidelines, stylization recommendations, and methods created by and proprietary to TR. This material remains nonpublic today, and if made public, this document would

provide a commercial advantage to competitors looking to replicate TR's process or create headnotes to compete with TR.

b. **A6785-A6923** is another training manual for the creation of headnotes that is internal and proprietary to TR. This manual also walks through the internal tools, widgets, and interface that TR uses for its attorney-editors, which is also confidential. This information remains nonpublic today, and, if made public, this document would provide a commercial advantage to competitors looking to replicate TR's process or create headnotes to compete with TR.

c. **A6924-A6943** is an internal document that describes in detail TR's natural language processing model, including its structure and specifications. The document also includes details on semantic search, training of neural networks, and other details of TR's AI strategy and methods, which remain nonpublic today. If made public, this document would provide a commercial advantage to competitors looking to compete with TR in the AI space.

d. **A6944-A6945** is an internal TR document describing strategy concerning vetting of customers, which remains nonpublic today. If made public, this document would provide a commercial advantage to competitors looking to compete with TR, including because it would provide a competitor with a roadmap for what types of usage TR is looking for when vetting customers.

e. **A6957- A6981** is the supplemental expert report of TR's technical expert, Dr. Jonathan Krein. The Supplemental Report contains details about the creation of the Westlaw Content, which remains nonpublic today and would provide a competitor with a commercial advantage if released to the public.

f. **A7048-A7091** is the Expert Report of ROSS's damages expert, Dr. Alan Cox. This Expert Report contains competitively sensitive information concerning TR's business decisions, licensing, search technology, competitive advantages, and nonpublic pricing information, which remains nonpublic today. Release of

this information would give competitors insight into how TR makes individualized pricing decisions, develops its technology, and positions itself strategically in the marketplace.

g. **A7269-A8168** is an expanded formulation of a chart similar to **A3369-A4333** and **A5010-A5974.** This version includes additional insights into the specific creative choices made by TR's editors when creating its editorial content in addition to containing competitively sensitive information, including thousands of West Headnotes that are not made available in this bulk format and are only available to paying subscribers. This information continues to be nonpublic today, and release thereof would give competitors access to this content.

8. **Volume 15** of the Joint Appendix is entirely comprised of a continuation of **A7269-A8168**, discussed above.

9. **Volume 16** of the Joint Appendix contains documents that, if made public, would cause serious competitive harm to TR. In addition to the information that ROSS provided in support of its

renewed motion to seal, TR provides the following additional information as to specific documents:

a. **A8169-A8191** is a TR presentation on artificial intelligence and the role of West Headnotes in TR's development of its AI that was produced from TR's internal files. The presentation includes highly confidential information on how TR trains its AI algorithms, which remains nonpublic today and would provide a competitor with a commercial advantage if made public.

b. **A8226-A8519** is TR's internal Summarization Manual, which it uses to teach its attorney-editors how to write its proprietary headnotes. This information continues to be nonpublic today and, if made public, this document would provide a commercial advantage to competitors looking to replicate TR's process or create headnotes to compete with TR.

c. **A8583-A8585** are TR's discovery responses that include detailed information about how internal technological tools work. This information remains nonpublic today, and, if

made public, this document would provide a competitor with a commercial advantage.

10.    **Volume 17** of the Joint Appendix contains documents that, if made public, would cause serious competitive harm to TR. In addition to the information that ROSS provided in support of its renewed motion to seal, TR provides the following additional information as to specific documents:

a. **A8609-A8621** are excerpts from the deposition of Isabel Moulinier, VP of Applied Research for AI at TR. The deposition goes into detail on how Westlaw trains its AI algorithms, which remains nonpublic today and would provide a competitor with a commercial advantage if made public.

b. **A6633-A8689** is the rebuttal report of TR's technical expert Jonathan Krein which, for the reasons described above, is highly confidential and contains sensitive information that remains nonpublic today and would harm TR if publicly released.

c. **A8726-A9720** is another form of the chart appearing as **A3369-A4333** and **A5010-A5974** with an additional column added by the Court indicating whether it granted summary judgment on each individual headnote. As with the other formulations of this chart, it contains competitively sensitive information, including thousands of West Headnotes that are not made available in this bulk format and are only available to paying subscribers. This information continues to be nonpublic today and release thereof would give competitors access to this content.

11. **Volume 18** of the Joint Appendix is solely comprised of **A8726-A9720**, discussed above.

12. For the foregoing reasons, TR respectfully requests that Joint Appendix volumes 7-18 are filed under seal.

12

Dated:  April 24, 2026

Respectfully submitted,

*/s/ Dale M. Cendali*

Dale M. Cendali
Joshua L. Simmons
Kirkland & Ellis LLP
601 Lexington Ave.
New York, NY 10022
Tel: (212) 44604846

Miranda D. Means
Kirkland & Ellis LLP
200 Clarendon Street
Boston, MA 02116
Tel: (617) 385-7500

*Attorneys for Plaintiffs-Appellees*
*Thomson Reuters Enterprise*
*Centre GmbH and West*
*Publishing Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies, pursuant to F.R.A.P. 27(d), that service of the foregoing motion was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on April 24, 2026.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: April 24, 2026

*/s/ Dale M. Cendali*
Dale M. Cendali