WHITE & CASE

September 4, 2026

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

Patricia S. Dodszuweit

Office of the Clerk
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106

**Fed R. App. 28(j) Submission in *Thomson Reuters Enterprise Centre GmbH, et al. v. ROSS Intelligence, Inc.* (No. 25-2153)**

Dear Ms. Dodszuweit:

ROSS Intelligence, Inc. files this letter notifying the Court of the U.S.'s Statement of Interest in *In re: OpenAI, Inc., Copyright Infringement Litigation*, 1:25-md-03143.

The U.S. "has a strong interest in the question whether training AI models on written works constitutes fair use under copyright law" and has "a strong interest in this Court rejecting *any* argument that training LLMs on copyrighted texts violates copyright law." Interest of the United States (USBr.) *1, *4 (S.D.N.Y. Sept. 1, 2026) (emphasis added). This interest broadly applies to the "training of AI models"—not only generative AI. USBr. *13, *3 (listing non-generative AI models critical to national security), ROSS Reply Brief (RB) 19. The U.S.'s position strongly supports ROSS.

1. The "purpose of the copying (to build an intelligent, interactive model) differs in kind from the purpose of the copied work (to use language to directly … educate a reading audience)." USBr. *10. "Whatever legal questions certain output uses might raise, that should not bear on the transformative nature … of the training use." *Id.*

2. "Because copyright protects only the author's manner of expression," using copyrighted works for training "does not" harm the market for the original work because "training does not" reproduce the original work. USBr. *13-*14, RB *31-*33. A "copy used as part of the training process does not serve as a substitute for the original or shrink the protected market opportunities of the copyrighted work in the relevant sense." USBr. *13.

3. Legal rules that hamper efforts "to develop a robust" AI industry threaten "national security and give a competitive advantage to foreign adversaries." USBr. *2, RB3, RB33-34.

4. "It is not in the public's interest for the largest technology companies to have an oligopoly on LLM training due to licensing entry barriers that function primarily as large subsidies for old mainstream media companies." USBr. *4, RB28-29.

ROSS notes the Court's inherent power to solicit the views of the United States. *E.g.*, *PPL EnergyPlus, LLC v. Soloman*, No. 13-4501, *Northrop Grumman Ship Systems Inc. v. Republic of Venezuela*, No. 25-3477.

Best,

**Mark S. Davies**
Partner

**T** +202-637-6261
**E** mark.davies@whitecase.com

**Word Count**: 341