# United States Court of Appeals

*for the*

# Third Circuit

Case No. 25-2153

THOMSON REUTERS ENTERPRISE CENTRE GMBH;
WEST PUBLISHING CORP.,

*Plaintiffs-Appellees,*

– v. –

ROSS INTELLIGENCE INC.,

*Defendant-Appellant.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, NO. 1:20-CV-00613-SB

## BRIEF OF HEATHER MEEKER AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT-APPELLANT'S PETITION FOR PANEL REHEARING OR REHEARING *EN BANC*

HEATHER MEEKER
1891 Weston Road
Scotts Valley, California 95066
(510) 463-1116
law@heathermeeker.com

## TABLE OF CONTENTS


| | |
|---|---|
| TABLE OF CITATIONS | 3 |
| STATEMENT OF IDENTIFICATION OF AMICUS CURIAE | 3 |
| SUMMARY OF ARGUMENT | 4 |
| ARGUMENT | 5 |
| I. SHORT SUMMARIES LACK THE REQUISITE ORIGINALITY FOR COPYRIGHT PROTECTION | 5 |
| II. SHORT SUMMARIES LACK THE REQUISITE ORIGINALITY TO COMPOSE INDIVIDUAL COPYRIGHTABLE WORKS | 9 |
| CONCLUSION | 11 |

**TABLE OF CITATIONS**

*Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991) 5-8

17 U.S.C. § 102(b) 5

*Baker v. Selden*, 101 U.S. 99 (1879) 5

*Mazer v. Stein*, 347 U.S. 201 (1954) 5

*Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*, 1:20-cv-00613, (D. Del. Feb 11, 2025) ECF No. 770 7

17 U.S.C. 504(c)(1), Remedies for infringement: Damages and profits 9

https://copyright.gov/eco/help-collective-work.html, retrieved July 22, 2025 9

*Amicus curiae* Heather Meeker respectfully submits this brief in support of APPELLANT ROSS INTELLIGENCE INC.'S PETITION FOR PANEL REHEARING OR REHEARING EN BANC, based on Defendant's position that headnotes fail the Copyright Act's originality requirement because they lack sufficient creative spark.

## STATEMENT OF IDENTIFICATION OF AMICUS CURIAE

Heather Meeker is an attorney specializing in copyright licensing and law, with a substantial interest in the proper application of copyright law as it relates to machine learning, data, software, and material in the public domain. Ms. Meeker regularly counsels clients on issues regarding the availability under copyright law of training materials for machine learning. Ms. Meeker has filed a motion to file this brief under FRAP 29(a)(3). No counsel for a party authored this brief in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund the preparation or submission of this brief. No such monetary contributions were made by anyone other than amicus and its counsel.

## SUMMARY OF ARGUMENT

Headnotes do not enjoy copyright protection. They fail to meet the fundamental requirements under federal law, because they lack sufficient originality, creativity, and expression to qualify for copyright protection. They are formulated intentionally to be factual in nature, and to track the language of their source, and they are based on materials in the public domain–mainly court opinions–whose availability to the body politic is a fundamental precept of liberty in a nation of laws. Plaintiff's assertion of copyright protection in headnotes is a

pernicious attempt to privatize material that was created at public expense and for the benefit of the public.

## ARGUMENT

The district court erroneously found that 2,243 headnotes satisfied the originality requirement for copyright protection. This conclusion is wrong in two ways: headnotes are not copyrightable, and even if they were, they would not be protectable as individual works, only as a collective work. The panel on appeal agreed with this conclusion, saying "The undisputed evidence reflects that Thomson Reuters's materials possess a creative spark." Op. 2. However, this conclusion misinterprets how the merger doctrine should apply to headnotes standing alone.

### I. SHORT SUMMARIES LACK THE REQUISITE ORIGINALITY FOR COPYRIGHT PROTECTION

The Supreme Court established in *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991), that originality is a requirement for copyright protection. This originality requirement has two components: the work must be independently created by the author and must possess some creative spark.

In addition, it is well established that Copyright does not protect facts. 17 U.S.C. § 102(b).

Copyright protects expression only, not ideas. *Baker v. Selden*, 101 U.S. 99 (1879); *Mazer v. Stein*, 347 U.S. 201 (1954). Short summaries convey factual information and ideas from source materials. The brevity of short summaries necessarily limits their scope of creative expression. When the idea and expression are inseparable, copying the expression is not limited. This is referred to as the merger doctrine.

Each Westlaw headnote identifies and summarizes a specific point of law from a court decision, helping legal researchers to handily identify key holdings without reading the entire opinion. Each headnote represents a single point of law. "Headnotes are summaries of specific points of law addressed in a particular case."[1]

Each point of law in a court opinion is a fact, albeit a semantic rather than a numeric one.

The court on appeal said, "For each head-note, Thomson Reuters's editors made creative decisions about which points of law were important enough to

---

[1] https://legal.thomsonreuters.com/blog/why-you-need-the-west-key-number-system/#about-the-key-number-system, retrieved July 22, 2025.

include in ahead note and how to word those points of law consistent with Westlaw's drafting criteria." Op. 10.

But "importance" is not expression, and headnotes are intended to have little creative wording.Headnotes are generally little more than paraphrasing of the language of a court's decision. Any creativity in writing a headnote only detracts from its value and intent, which is to represent a legal point as plainly as possible. Put another way, the better crafted the headnote, the less expressive it is. Using arbitrary creativity to write a headnote would lead to inaccuracy, because the headnote would deviate from the language used by the court.

Moreover, the fact that the creators of case reporters could claim copyright in those reporters does not mean headnotes are copyrightable standing alone. It is understandable that copyright might protect interpretive texts such as collections of headnotes, case summaries, and commentary. But court on appeal conflated the collection of all these various copyrightable elements with the question at hand, which has only to do with headnotes used to glean specific facts about court opinions. Op. 11.

The District Court rejected the merger doctrine with no analysis:

> [T]he merger defense is inapt. Ross claims that any ideas were so close to the expression that they merged with the expression, making it

> uncopyrightable...But there are many ways to express points of law from judicial opinions, so I reject this defense….[2]

This conclusory statement disregards the need to track the language of the opinion in headnotes in order to make them more accurate. Indeed, the directive for writing a headnote is to follow the court's language "insofar as possible." See D.E. 787, ROSS Opening Brief in Support of Interlocutory Appeal, at *6.

The District Court's analogy of the process of creating headnotes to Michelangelo creating a masterpiece from a piece of marble deeply misunderstands this process. A more accurate analogy would be taking a core sample from the piece of marble to measure its elemental composition, and associating the marble sampled with those statistics. There is undoubtedly much skill involved in taking core samples, but there is no expression in it. It is a purely factual inquiry. Headnotes mine court opinions for nuggets of legal truth, and categorize them as facts.

The process of writing headnotes is purely "sweat of the brow"–which the court in *Feist* specifically said is not a basis for copyright protection. That effort is significant, and it might be undertaken by human writers, or by machine learning models, but it is in either case unprotectable by copyright. Whether headnotes are

---

[2] *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*, 1:20-cv-00613, (D. Del. Feb 11, 2025) ECF No. 770, page Page 15.

created by humans or machine learning models, they are created mechanically to extract facts. They are not expressive.

This case is particularly egregious because it is an attempt by Westlaw to launder public domain material into a paywalled access to court opinions. This court should not support any decision that twists copyright to extend Westlaw's control over this process despite its obsolescence. There was once a time when it was hard to get access to the huge corpus of opinions that make up our law, and materials like headnotes were valuable, but that time is past. Court opinions are freely available online, and they can be categorized and accessed via their elements of meaning by machine learning models. Our law should encourage anyone and everyone to create machine learning models based on court opinions, to help participants in our legal system to understand and access the law.

## II. SHORT SUMMARIES LACK THE REQUISITE ORIGINALITY TO COMPOSE INDIVIDUAL COPYRIGHTABLE WORKS

Moreover, the district court held, without any additional analysis, that each headnote comprises a single copyrightable work. This conclusion is inextricably bound with the question of the bar for copyrightability, because the District Court

stated, “More than that, each headnote is an individual, copyrightable work.” as part of its Michelangelo analogy.[3]

This conclusion has significant implications. It could support massive claims for statutory damages, which are based on the number of works being infringed. 17 USC Section 504(c)(1).

There is little case law on what constitutes a single work versus many, but that does not excuse the District Court’s lack of analysis. The Copyright Office guidance on Collective Works[4] says:

> Thus, when you register a number of individual works as part of a collective work, you may be entitled to seek one award of statutory damages for the collective work as a whole rather than a separate award for each individual work, even if the defendant infringed all of those works.

In the present case, the plaintiff attached many copyright registrations in Exhibit A of the complaint, and it was not clear exactly how many of those registrations covered the headnotes at issue, but the registrations were nowhere near the 2,243 recognized by the District Court.

---

[3] Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc., 1:20-cv-00613, (D. Del. Feb 11, 2025) ECF No. 770, page Page 8.

[4] https://copyright.gov/eco/help-collective-work.html, retrieved July 22, 2025.

*Sullivan v. Flora, Inc.* is a recent Seventh Circuit case where the court was asked to determine whether 33 illustrations should be treated as two compilations or 33 separate works. Sullivan only registered two copyrights for the collections. The Seventh Circuit held that the court should apply the independent economic value test to determine the number of works.

The Seventh Circuit defined this test as follows: "A protected work has standalone value if the evidence shows that work has distinct and discernable value to the copyright holder." The court noted that other circuits have characterized this inquiry in various ways, asking whether works have independent economic value (see *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 747 (9th Cir. 2019)), have separate economic value (*Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990)) or are, in themselves, viable. (*MCA TV Ltd. v. Feltner*, 89 F.3d 766, 769 (11th Cir. 1996)). "The test … is a functional one, with the focus on whether each expression … has an independent economic value and is, in itself, viable." *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1116–17 (1st Cir. 1993).

Even if the headnotes are copyrightable, they are only copyrightable as a single work, taken together, not thousands of works. The entire collection of headnotes, taken together, might have economic value, because they allow researchers to rely on a framework of organization of legal ideas. But a single

headnote is barely more than a quotation from a court opinion; it only has value when linked to other headnotes with pointers to case opinions, via Westlaw's key number system. Although the key number system as a whole may be protectable, that is not at issue in this case. When headnotes are copied piecemeal based on their meaning, separately from their organizing framework, they enjoy no protection.

## CONCLUSION

For the foregoing reasons, this Court should grant rehearing en banc or panel rehearing. Such review should hold that short summaries like headnotes are, as a matter of law, not subject to copyright protection. Such a holding would be consistent with established copyright doctrine, serve the public interest, and preserve the constitutional balance between protecting creative expression and maintaining a robust public domain.

A ruling in favor of copyright protection for short summaries would create dangerous precedents that conflict with the fundamental principles of copyright law, and allow companies to launder public domain material into proprietary copyrightable works.

Respectfully submitted,

/s/ Heather Meeker

Heather Meeker

law@heathermeeker.com

**CERTIFICATION OF ADMISSION TO BAR**

I, Heather Meeker, hereby certify as follows:

1. I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ Heather Meeker
___________________
Heather Meeker

law@heathermeeker.com

**CERTIFICATION OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1**

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 1,656 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper

copies, and a virus detection program the Malwarebytes for Mac version 5.28.4 was

run on the file containing the electronic version of this brief and no viruses have

been detected.

Respectfully submitted,

/s/ Heather Meeker

Heather Meeker

law@heathermeeker.com

**CERTIFICATE OF FILING AND SERVICE**

I, Heather Meeker, hereby certify pursuant to Fed. R. App. P. 25(d) that, on November 9, 2026 the foregoing was filed through the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. The required copies have been sent to the court on the same date as above.

/s/ Heather Meeker

Heather Meeker