No. 25-2153

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

THOMSON REUTERS ENTERPRISE CENTRE GMBH;
WEST PUBLISHING CORP.,
*Plaintiffs-Appellees*,

v.

ROSS INTELLIGENCE INC.,
*Defendant-Appellant*.

*On Appeal from an Order of*
*the United States District Court*
*for the District of Delaware Civil Action No. 20-613*
*(The Honorable Stephanos Bibas, sitting by designation)*

# BRIEF OF PROFESSOR BRIAN L. FRYE AS *AMICUS CURIAE* IN SUPPORT OF APPELLANT


John T. Stinson
John S. Stapleton
Stapleton Segal Cochran LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
(215) 561-1500
jstinson@stapletonsegal.com
jstapleton@stapletonsegal.com


November 10, 2026


*Filing counsel for Amicus Curiae Professor Brian L. Frye*

# TABLE OF CONTENTS

RULE 29 STATEMENT .......... 1

INTEREST OF *AMICUS CURIAE* .......... 2

SUMMARY OF ARGUMENT .......... 2

RELEVANT FACTS .......... 3

ARGUMENT .......... 4

- A. Copyrightable Subject Matter .......... 4
- B. Compilations of Headnotes .......... 7
- C. The Idea-Expression Dichotomy .......... 10
- D. The Merger Doctrine .......... 11
- E. The Short Phrases Doctrine .......... 12

CONCLUSION .......... 13

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Apple Computer, Inc. v. Franklin Computer Corp.*,
714 F.2d 1240, 1253 (3d Cir.1983) ....................11

*Callaghan v. Meyers*,
128 U.S. 617 (1888) ....................7, 8

*Educ. Testing Servs. v. Katzman*,
793 F.2d 533 (3d Cir. 1986) ....................11

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) .................... 4, 5, 6, 7, 9

*Georgia v. Public.Resource.Org, Inc.*,
590 U.S. 255 (2020) ....................7, 8

*Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*,
264 F.3d 622 (6th Cir. 2001) ....................12

*Silvertop Assocs. Inc. v. Kangaroo Mfg. Inc.*,
931 F.3d 215 (3d Cir. 2019) ....................11

*Thomson Reuters Enter. Ctr. GmbH v. ROSS Intel. Inc.*,
No. 25-2153, 2026 WL 2932557 (3d Cir. Sept. 29, 2026) .................... 6, 7, 11

*Winstead v. Jackson*,
509 F. App'x 139 (3d Cir. 2013) ....................12

### Statutes

17 U.S.C. § 102(b) ....................10

### Other Authorities

37 C.F.R. § 202.1(a) ....................12

U.S. Copyright Office, Compendium of U.S. Copyright Office
Practices § 313.4(C) (3d ed. 2021) ....................12

### Rules

Fed. R. App. P. 29(a)(4)(E) ....................1

## RULE 29 STATEMENT

No party or party's counsel authored this brief in whole or in part or contributed money that was intended to fund preparing or submitting the brief. No person other than amicus curiae and his filing counsel contributed money or anything of value that was intended to fund preparing or submitting the brief. See Fed. R. App. P. 29(a)(4)(E).

The undersigned law firm and its attorneys submit this brief solely as counsel of record for the amicus curiae law professor. In doing so, the law firm and its attorneys take no position on the substance of the arguments or opinions expressed herein. The views set forth in this brief are exclusively those of the amicus curiae law professor in his individual capacity and do not necessarily reflect the views of the law firm, its attorneys, or any of their clients.

## INTEREST OF *AMICUS CURIAE*

Brian L. Frye is a Professor of Law at Tulane University School of Law, who has taught classes on copyright, intellectual property, and intellectual property theory. His scholarship focuses on copyright, especially in relation to copyrightable subject matter and fair use, including their application to AI. Frye has no financial stake in the outcome of this litigation. He files this brief because the Third Circuit panel's opinion misconstrues copyrightable subject matter in ways that incorrectly and unconstitutionally expand its scope.

## SUMMARY OF ARGUMENT

This court should grant ROSS's petition for rehearing en banc because the panel misconstrued copyrightable subject matter. The panel held that 2,243 Westlaw headnotes are each independently copyrightable works of authorship because they are not identical to the opinion they summarize. It was wrong. None of Westlaw's headnotes are copyrightable, because they all lack sufficient creativity and are excluded by the idea-expression dichotomy.

Originality is the essence of copyright. Copyright can only constitutionally protect the original elements of a work of authorship and cannot constitutionally protect facts or ideas. Those constitutional limits on the scope of copyrightable subject matter help ensure that copyright encourages authorship, without discouraging competition.

## RELEVANT FACTS

Thomson Reuters owns Westlaw, a popular legal research platform. Among other things, Westlaw's database includes federal and state judicial opinions, each of which is preceded by one or more Westlaw-generated headnotes, summarizing the points of law expressed in that opinion. A Westlaw headnote typically consists of a single sentence, describing a single point of law in an opinion. Whenever possible, Westlaw headnotes are literal copies of the text of the opinion they describe, but some are lightly edited for clarity. The purpose of Westlaw's headnotes is to help its users determine whether a case is relevant and find similar cases, among other things.

ROSS Intelligence, Inc. is a legal services company that created an AI-based legal research tool. To create its AI model, ROSS needed high-quality training data, so ROSS used a selection of Westlaw headnotes as the basis for legal memoranda that it used to train its model.

Thomson Reuters sued ROSS for copyright infringement, alleging that ROSS had infringed its copyright in Westlaw's headnotes by using them to create legal memoranda and using those memoranda to train an AI model. The district court eventually granted partial summary judgment to Thomson Reuters, holding that 2,243 of the Westlaw headnotes used by ROSS were protected by copyright because they were not identical to the opinion they summarized, and that ROSS's use of those

headnotes was not fair. A Third Circuit panel affirmed the district court's grant of partial summary judgment on the same grounds.

## ARGUMENT

Copyright does not and cannot constitutionally protect Westlaw's headnotes as independent works of authorship, because they lack sufficient creativity to be original and because copyright is precluded by the idea-expression dichotomy. Westlaw's headnotes lack creativity, because they are only trivially different from the opinions they describe. And they are excluded from copyright protection under the idea-expression dichotomy because they merge with the points of law they describe and are the kind of short phrases that copyright does not protect.

### A. Copyrightable Subject Matter

The essence of Thomson Reuters's infringement claim is that Westlaw's headnotes are individually copyrightable works of authorship. They are not, because Westlaw's individual headnotes lack sufficient creativity to be original.

Copyright can only protect original works of authorship. "The *sine qua non* of copyright is originality. To qualify for copyright protection, a work must be original to the author." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Indeed, "originality is a constitutionally mandated prerequisite for copyright protection." *Id.* at 351.

A work or element of a work is original and protected by copyright if and only if it was “independently created” by the author of the work and reflects at least some degree of “creativity.” *Id.* at 345 (“Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.”).

Of course, originality is a low bar. A work is independently created so long as it isn’t a copy of an existing work, and originality requires only a “modicum” of creativity. *Id*. at 345-46. But copyright doesn’t and can’t protect individual Westlaw headnotes, because most of them are literal copies of the judicial opinions they describe and therefore not independently created, and the few that do include new material are merely edited for clarity, which is insufficiently creative to make them original.

Westlaw headnotes lack originality not by accident, but by design. They are not supposed to be original. They are not supposed to be independently created, because they are supposed to match the text of the opinion they describe as closely as possible. And they are not supposed to be creative, because they are supposed to reproduce the point of law they describe as literally as possible. If a Westlaw headnote were materially independently created or creative, it would be defective, because it would fail to accurately describe the point of law at issue.

According to the panel:

> All 2,243 independently created headnotes at issue in this appeal have "some creative spark." For each headnote, Thomson Reuters's editors made creative decisions about which points of law were important enough to include in a headnote and how to word those points of law consistent with Westlaw's drafting criteria. Each headnote had to convey enough factual background and reasoning to stand on its own without reference to the opinion or any other headnote, while accurately reflecting the corresponding opinion passage. Because these decisions show the requisite minimal "creative spark," the headnotes are original.

*ROSS* at *4 (quoting *Feist* at 345).

The panel does not provide a single example of a copyrightable Westlaw headnote, making its holding impossible to evaluate on the merits. However, the panel incorrectly conflated the independent creation and creativity analyses, while also considering factors irrelevant to the creativity analysis. The mere fact that a headnote is slightly different from the opinion it describes is not enough to make it creative. Worse, the fact that Westlaw chose which points of law to describe in headnotes is irrelevant to whether those headnotes are independently copyrightable, as is the functionality of those headnotes in accurately describing the law.

An example will help. The panel's opinion states, "Although 'the vast majority of [works] will pass this test,' '[t]here remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent.' *Thomson Reuters Enter. Ctr. GmbH v. ROSS Intel. Inc.*, No. 25-2153, 2026 WL 2932557, at *4 (3d Cir. Sept. 29, 2026) (quoting *Feist*, 499 U.S. at 349. In

Westlaw's version of the panel's opinion, headnote 8 states: "Noncopyrightable Subject Matter: Although the vast majority of works will satisfy the originality requirement for copyright protection, there remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent."

According to the panel, headnote 8 is an independently copyrightable work of authorship, because it is different from the opinion. However, the only difference between the opinion and headnote 8 is that the headnote replaces the words "pass this test" with the words "satisfy the originality requirement for copyright protection." While Westlaw's edit clarified the meaning of the text, it did so in the most generic and predictable way possible. "The standard of originality is low, but it does exist," and an original work "cannot be so mechanical or routine as to require no creativity whatsoever." *Feist*, 499 U.S. at 362. Or to put it another way, Westlaw expended sufficient effort to make its headnotes useful, but insufficient creativity to make them original. *Id.* at 363.

**B. Compilations of Headnotes**

The panel relies heavily on the Supreme Court's opinions in *Callaghan v. Meyers*, 128 U.S. 617 (1888) and *Georgia v. Public.Resource.Org, Inc.*, 590 U.S. 255 (2020), to hold that copyright can and does protect individual headnotes as independently copyrightable works. But its reliance is misplaced, because it reflects a fundamental misreading of both opinions.

In *Callaghan*, the Supreme Court held that copyright can protect a volume of law reports, if it includes enough original material. While copyright can't protect judicial opinions, it can protect the "intellectual labor" of the reporter, which may include headnotes. *Callaghan*, 128 U.S. at 645. And in *Public.Resource.Org*, the Court relied on *Callaghan* for the proposition that copyright can't protect "government edicts" like judicial opinions, but can protect original commentary on those edicts, including the headnotes in a volume of law reports. *Public.Resource.Org*, 590 U.S. at 265.

In other words, both cases held that copyright can protect the original material in a volume of law reports, which can include headnotes. But neither case held that copyright protects individual headnotes as independently copyrightable works, because that would be absurd. After all, most headnotes are literal copies of the opinions they describe, so it is impossible for them to be independently created or include any creative content.

What both cases actually held was that copyright can protect headnotes as a constituent element of the original contribution of the reporter. When reporters compile a volume of law reports, they make many editorial choices and add considerable explanatory material. Some of that explanatory material may be independently copyrightable. For example, the syllabus of an opinion may be independently copyrightable, because it paraphrases the entire opinion without

necessarily literally copying any of its text. Other explanatory materials - including headnotes - are not independently copyrightable, because they lack sufficient originality, but are still part of a copyrightable work.

In *Feist*, the Supreme Court held that copyright cannot protect facts, but can protect a compilation of facts. "This case concerns the interaction of two well-established propositions. The first is that facts are not copyrightable; the other, that compilations of facts generally are." *Feist*, 499 U.S. at 344. Specifically, copyright can protect the original selection, ordering, or arrangement of facts in a compilation. "These choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws." *Id.* at 348. So in *Feist*, the Court held that individual telephone listings are not copyrightable, because they are facts, but a compilation of telephone listings could be copyrightable, if included an original selection, ordering, or arrangement of those listings.

It follows that copyright can protect a volume of law reports as a collection of facts and other uncopyrightable material, so long as the selection, ordering, and arrangement of those materials is original. While individual headnotes are not independently copyrightable, they are part of the uncopyrightable elements that a reporter selects, orders, and arranges into an original compilation.

If Thomson Reuters were alleging that ROSS copied the selection, ordering, or arrangement of Westlaw's headnotes, it might have a viable copyright infringement claim, because the selection, ordering, and arrangement of those headnotes may be original and protected by copyright. But Thomson Reuters does not allege that ROSS copied the original selection, ordering, or arrangement of Westlaw's headnotes, it only alleges that ROSS copied individual Westlaw headnotes, which are not copyrightable. What's more, the panel only addressed the originality of Westlaw's headnotes, and explicitly did not address the originality of the West Key Number System.

### C. The Idea-Expression Dichotomy

The idea-expression dichotomy provides that copyright cannot protect abstract ideas, but can protect particular expressions of those ideas. 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."). The idea-expression dichotomy states an abstract principle that is difficult to apply in practice, so the courts have developed doctrines that make it easier to apply, including the merger doctrine and the short phrases doctrine.

### D. The Merger Doctrine

The merger doctrine provides that if there is only one way or a very limited number of ways to express an idea, the idea and expression "merge," and copyright cannot protect the expression of the idea. "When the idea and the expression of the idea coincide, then the expression will not be protected in order to prevent creation of a monopoly on the underlying 'art.'" *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 539 (3d Cir. 1986). Accordingly, "an expression will be found to be merged into the idea when 'there are no or few other ways of expressing a particular idea.'" *Id.* (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1253 (3d Cir.1983)).

Relying on *Silvertop Assocs. Inc. v. Kangaroo Mfg. Inc.*, 931 F.3d 215, 222 (3d Cir. 2019) the panel held that, "the merger doctrine does not apply" because "there are many ways to express points of law from judicial opinions." *ROSS*, 2026 WL 2932557, at *5. The panel misunderstood and misapplied the merger doctrine. In *Silvertop*, the court held that the idea and expression of a banana costume did not merge, because there are many ways of expressing a banana costume, none of them inherently better than any other. While it is superficially true that there are many ways to express the points of law in a judicial opinion, some ways are better than others, and there is usually one best way. Westlaw's headnotes literally copy the opinion whenever possible because that is the best way to describe a point of law.

The only reason Westlaw's headnotes don't always literally copy the opinion is that sometimes there is a better way to describe the point of law by slightly editing the text.

A point of law is an idea, and a headnote is an expression of an idea. Westlaw's headnotes are supposed to be the best possible expression of the point of law they describe. But the merger doctrine provides that copyright can't protect the best way of expressing an idea. While it is technically true that a point of law could be expressed in a different, inferior way, it is cold comfort for an aspiring competitor to learn that they are entitled to compete, but only with an inferior product.

### E. The Short Phrases Doctrine

The Copyright Office has always held that copyright doesn't protect short phrases, and the courts have largely agreed. See U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.4(C) (3d ed. 2021) ("Words and short phrases, such as names, titles, and slogans, are not copyrightable because they contain a *de minimis* amount of authorship.) (citing 37 C.F.R. § 202.1(a)). *See also Winstead v. Jackson*, 509 F. App'x 139, 145 (3d Cir. 2013) (holding that "words and short phrases do not enjoy copyright protection") *and Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 627, 633 (6th Cir. 2001) (rejecting copyright claim in three short phrases).

Each of Westlaw's headnotes consists of a single sentence, blandly repeating a point of law expressed in a judicial opinion. They are precisely the kind of short phrases that copyright doesn't protect.

## CONCLUSION

Copyright does not and cannot protect Westlaw's headnotes as independently copyrightable works of authorship. Because Thomson Reuters only alleges that ROSS copied individual headnotes, it fails to state a viable copyright infringement claim.

November 10, 2026

**STAPLETON SEGAL COCHRAN LLC**

By: *John T. Stinson*
John T. Stinson
John S. Stapleton
Stapleton Segal Cochran LLC
1760 Market Street, Suite 403
Philadelphia, PA 19103
(215) 561-1500
jstinson@stapletonsegal.com
jstapleton@stapletonsegal.com

*Filing counsel for Amicus Curiae*
*Professor Brian L. Frye*

## COMBINED CERTIFICATION

I certify that I am admitted to practice before this Court pursuant to Third Circuit Local Appellate Rule 46.1(e).

I certify that this brief of Amicus Curiae complies with the length requirements set forth in Federal Rule of Appellate Procedure 29(b)(4) because it contains 2,573 words. This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Office Word 365 in 14- point Times New Roman font.

I certify that I caused the PDF version of this brief to be scanned using SentinelOne antivirus and no virus was found. Filing counsel have not submitted paper copies of the brief of Amicus Curiae because it is filed as an attachment to a motion for leave to file same. *See* Third Circuit L.A.R. 27.2(a).

Finally, I certify that I caused the Motion of Amicus Curiae for Leave to Submit a Brief in Support of Rehearing and its attached brief to be filed electronically using the Court's ECF system, which serves notice of the filing on all counsel of record.

November 10, 2026

*John T. Stinson*
John T. Stinson